# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2021

Lyle W. Cayce
Clerk

No. 20-30460

Edwin Codrington,

*Plaintiff—Appellant*,

*versus*

Darrel Vannoy, *Warden*; Luke Rheems, *Colonel*; John Hebert, *Major*; Gary Aymond, *Major*; Nyesha Davis,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-434

Before Jones, Costa, and Wilson, *Circuit Judges*.

Per Curiam:*

Edwin Codrington, Louisiana prisoner # 387804, moves this court fore leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Codrington's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30460

IFP motion is a challenge to the district court's determination that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Codrington asserts that he is financially eligible to proceed IFP because the district court previously granted him leave to proceed IFP and his financial situation has not changed. He fails to address the district court's certification that his appeal was not taken in good faith and the district court's reasons for its certification decision. *See Baugh*, 117 F.3d at 202. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Codrington has failed to challenge the certification that his appeal is not taken in good faith and the reasons for such a certification, and consequently fails to address the judgment dismissing his § 1983 suit, he has abandoned the critical issue of his appeal. *Id.* Thus, his appeal lacks arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, Codrington's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The district court's dismissal of Codrington's complaint for failure to state a claim and the dismissal of this appeal as frivolous both count as strikes against him under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Codrington is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).